AARON D. FORD
  Attorney General
JESSICA BROWN (Bar No. 14487)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email: j.brown@ag.nv.gov
*Attorneys for Interested Party*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC GARCIA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DR. REESE, *et al.*,<br><br>　　　　　Defendants. | Case No: 2:23-cv-01023-APG-DJA<br><br>**STIPULATION AND ORDER TO DISMISS** |

IT IS HEREBY STIPULATED by and between Attorneys for Defendants NURSE VEETA (a.k.a. NURSE VETA), DOE HDSP NURSING DIRECTOR, and all persons named and unnamed, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Jessica Brown, Deputy Attorney General, and Plaintiff, Anthony Harris, *pro se*, under Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure, that the above-captioned action shall be dismissed with prejudice, with each party bearing their own attorney's fees and costs.

. . .

. . .

. . .

. . .

. . .

. . .

The Parties have resolved this matter in its entirety and agree that the Court may accordingly close the case, with prejudice. Any outstanding deadlines are considered moot.

DATED this 12 day of January 2024.

DATED this 5th day of January 2024.
AARON D. FORD
Attorney General

By: _____
Eric Garcia
Plaintiff, *Pro Se*

By: /s/ Jessica Brown
Jessica Brown, (Bar No. 14487)
*Attorneys for Defendants*

## ORDER

**IT IS SO ORDERED.** This matter is DISMISSED WITH PREJUDICE and the Clerk is directed to close the case.

DATED  4/12 , 2024.

_____
UNITED STATES DISTRICT JUDGE
DATED: May 20, 2024

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on 4/12/24, I electronically filed the foregoing _____ via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Eric Garcia, #1241230
High Desert State Prison
P. O. Box 650
Indian Springs, NV 89070

_____
Employee of the Office of the
Nevada Attorney General

## Settlement Agreement and Full and Final Release of Claims

Case Name: *Eric Garcia v. Dr. Reese, et. al.*

Case Nos.: 2:23-cv-01023-APG-DJA, hereinafter referred to as:"The Matter"

| Plaintiff: | Defendants: |
|---|---|
| ERIC GARCIA | NURSE VEETA (a.k.a. VETA) |
|  | DOE HDSP NURSING DIRECTOR |

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is made and entered into by Plaintiff ERIC GARCIA (the "Plaintiff") and the State of Nevada *ex rel.* Nevada Department of Corrections, on behalf of NURSE VEETA (a.k.a. VETA), DOE HDSP NURSING DIRECTOR., and all persons named and unnamed. This Agreement is being entered into by Plaintiff and the NDOC (collectively, the "Parties") because each of them has determined that resolving this Matter by way of settlement is preferable to continuing to litigate this Matter before the U.S. District Court for the District of Nevada (the "Court").

Plaintiff and NDOC have agreed to resolve all claims raised in this Matter on the following terms:

1. NDOC and Plaintiff have agreed to the following monetary and non-monetary terms:
   a. **A used television from the High Desert State Prison property room in "as is" condition with no warranties;**
   b. **$1,500.00 to be deposited in Eric Garcia's Trust 2 Account**

2. In consideration of the Agreement above, the Plaintiff has signed a Stipulation to Dismiss case no. 2:23-cv-01023-APG-DJA as of today, April 12, 2024, and at the same time as signing this Agreement. The Parties consider the Stipulation to Dismiss part of this Agreement.
   a. Unless otherwise noted in this paragraph, NDOC will comply with the terms set forth in paragraphs 1(a) of this Agreement within thirty (30) days of this Agreement being signed, unless otherwise ordered by the Court.
   b. Notwithstanding NDOC's obligation to comply within thirty (30) days of executing this Agreement, Plaintiff understands that there could be unforeseen circumstances that could result in NDOC needing a brief extension of time to comply. Understanding this potential, Plaintiff agrees that if NDOC has not complied with

Settlement Agreement and Full and Final Release – PAGE 1

     the terms of this Agreement by the time set forth in paragraph 1, Plaintiff will wait an additional fifteen (15) days before filing a Motion to Enforce this Agreement.
- c. NDOC's counsel will file the signed Stipulation to Dismiss within seven (7) days of NDOC's compliance with the terms set forth in paragraph 1. This will terminate all claims raised in the Matter. However, the Stipulation to Dismiss must be filed no later than sixty (60) days following the signing of this agreement by all Parties, or, alternatively, if the terms of the Settlement set forth in paragraph 1 have not been completed within sixty (60) days, NDOC's counsel will file a Status Report with the Court in lieu of the Stipulation to Dismiss. The Status Report shall inform the Court of the following:
    - (1) The status of compliance pertaining to all terms set forth in paragraph 1, including informing the Court which terms have been completed, and for the terms not yet completed, explaining why they have not yet been completed and providing a good faith estimate as to when NDOC will complete remaining terms;
    - (2) Once NDOC fully complies with all outstanding Settlement terms set forth in the Status Report(s), NDOC will file a Notice of Compliance with Settlement Agreement. Unless the Court orders otherwise, NDOC will file the signed Stipulation to Dismiss no earlier than fourteen (14) days after filing the Notice of Compliance.
    - (3) Plaintiff will have seven (7) calendar days to file any objection to NDOC's Notice of Compliance. Should an objection be filed, NDOC will not file the signed Stipulation to Dismiss until the Court resolves the objection or otherwise authorizes NDOC to file the Stipulation to Dismiss.
3. This Agreement represents a mutual release of all claims related to or arising out of this Matter, or any facts pertinent to or underlying this Matter. The Plaintiff and NDOC understand that they are entering into a comprehensive settlement that is meant to represent a complete release of all claims related to the Matter.
4. The Plaintiff understands that the Dismissal of this Matter applies to: (a) all claims that were or could have been raised; and (b) all Defendants that were or could have been named in the Matter, whether those Defendants are current or former employees of the State of Nevada or NDOC.
5. The Plaintiff understands that by entering this Agreement, neither NDOC nor any of the individually named defendants are making any admission of liability for the claims raised in the Matter.
6. The Plaintiff understands that he is not entitled to any other payments, including but not limited to attorney fees and costs, filing fees, copy costs or postage.
7. This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada. Should any court declare or determine any provision of this Agreement to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby said illegal or invalid part, term, or provision shall be deemed not to be a

part of this Agreement. The Parties acknowledge that the Agreement has been drafted by both Parties and therefore any ambiguity in the Agreement will not be construed in favor or against either Party.

8. The Plaintiff and NDOC understand that the Court retains jurisdiction over the Matter for purposes of enforcing this Settlement Agreement until the Stipulation to Dismiss is granted. Upon dismissal of this action, the Court will no longer have jurisdiction over this case.

| Plaintiff: | On behalf of NDOC: |
|---|---|
| By: *(signature)* | By: _____ |
| Name: Eric Garcia | Name: William Reubart |
| Date: 4/12/24 | Title: Florence McClure Correctional Center |
| | Date: _____ |